United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 2, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

───────────────

05-50032
Summary Calendar

───────────────

In The Matter Of: EDWARD N. WALSH; LAURA S. WALSH,

Debtors,

BOBBY D. ASSOCIATES,

Appellant,

versus

EDWARD N. WALSH; LAURA S. WALSH,

Appellees.

─────────────────────────────────────────────────

Appeal from the United States District Court
for the Western District of Texas
(1:04-CV-283)

─────────────────────────────────────────────────

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:*

Bobby D. Associates appeals the bankruptcy discharge granted
its judgment debtors, Edward and Laura Walsh. In October 2001,
Associates obtained a $112,439 judgment in state court against the
Walshes, who proceeded *pro se*. The state court judgment was
affirmed by the Court of Appeals of Texas on 26 August 2002. On 30

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

October 2002, the Walshes filed a petition for relief pursuant to Chapter 7 of the Bankruptcy Code.

Prior to that bankruptcy petition's being filed, Edward Walsh's father had died in November 2000; and, between March 2001 to October 2002, Walsh received approximately $160,000 in inherited funds and insurance proceeds. Walsh was employed as a contract laborer in construction. Laura Walsh was a housewife, who had done some housecleaning work. The Walshes' tax returns reflect income of $15,391 for 2000 and $24,461 for 2001. (No tax return was filed for 1999.)

At the time of his father's death, Edward Walsh lived with his wife and two teenage sons in a 500 square-foot cabin. He had been working sporadically on building a house since 1999. Until receiving the inheritance, however, little progress had been made. Progress increased dramatically after receipt of the inheritance. Walsh supervised most of the work and paid his subcontractors and laborers in cash at their request. Walsh also paid approximately $43,000 in cash for the land on which the house was located. The Walshes failed to keep records of expenditures for the house's construction or for their living expenses in general. The only records that could be produced were bank statements showing cash withdrawals. The Walshes moved into the new house in August 2002.

As of the 30 October 2002 petition, the Walshes had $622 in cash. Associates objected to the Walshes discharge on the grounds that they: failed to keep business records; knowingly and

fraudulently made false oaths; and failed to satisfactorily account for their assets. *See* 11 U.S.C. § 727(a)(3), (a)(4)(A), (a)(5). In granting the discharge, the bankruptcy court held: (1) the failure to keep adequate records was "justified under all of the circumstances", *see* 11 U.S.C. § 727(a)(3); (2) although some of the schedules were inaccurate, that alone did not establish the Walshes knowingly and fraudulently made a false oath, as is required under 11 U.S.C. § 727(a)(4)(A); and (3) they adequately explained the loss of the inheritance funds. (The court made these rulings in a detailed statement from the bench.) On appeal, and after a hearing, the district court affirmed. ***Bobby D. Associates v. Edward Walsh (In re Walsh & Walsh)***, Ch. 7 Case No. 02-14362-FM, Adv. No. 03-1025-FM (W.D. Tex. 23 Nov. 2004).

Pursuant to 11 U.S.C. § 727 (a)(3), (a)(5), Associates present seven issues related to the Walshes not maintaining adequate records, including concerning an admission and stipulations pertaining to the general records issue. As does the district court, we review a bankruptcy court's findings of fact for clear error; its conclusions of law, *de novo*. *E.g.*, ***In re El Paso Refinery***, 171 F.3d 249, 253 (5th Cir. 1999). A bankruptcy court has "wide discretion" in determining whether a debtor's failure to keep adequate records was "justified under all the circumstances". ***In re Dennis***, 330 F.3d 696, 703 (5th Cir. 2003). For essentially the reasons stated by the district court in its 23 November 2004

3

opinion, the bankruptcy court neither abused its discretion nor clearly erred in granting the discharge.

**AFFIRMED**